Beacom, J.
Mona P. Lytle and the other petitioners file a joint petition in which they say that they are now the owners of a promis *29 sory note; that this note was made in 1896 by one Baldinger; that it was never paid; that Baldinger took out three life insurance policies in the Ecfuitable Insurance Company of Iowa, payable to his estate; that last July he died, leaving a widow and children, who are joint defendants herein; that he was insolvent at the time he died; that shortly before his death and at a time when he was insolvent he attempted to assign these policies to his wife and children. The petitioners claim that that was a fraud upon his creditors, and they ask to have these funds coming from the policies declared the property of the estate, not for the benefit ■ of the petitioners alone but for all creditors, and ordered payable to a trustee or to the administrator, or at least be decreed as belonging to the estate just as though the attempted assignment had not been made.
To this petition a demurrer is filed, and the demurrer is founded upon the theory that, inasmuch as under the statutes a decedent might have insured for the benefit of his wife— might have done that directly and creditors could have made no complaint thereof — therefore what he could do directly he could do indirectly.
I think it is manifest that different courts might take different views of this proposition. I have,' however, no hesitation as to what I ought to • do herein. The rights of a husband to protect his family by taking out insurance for their benefit are statutory purely, and in this case they come entirely under Section 3628 of the statutes of Ohio.'
Section 3629 does not apply. This statute, 3628, is entitled, “Husband may insure for the benefit of his wife and children.” There is no question but that Baldinger might have insured directly for the benefit of his wife and children. It is, however, a settled principle of morals and of law that a man owns nothing until after his creditors are paid. All that any of us own, in the sense of having a legal title thereto, belongs primarily to our creditors. That is the law of morals and the law of the courts. So far as Section 3628 gives a man a right to insure for the benefit of his wife and children, of course, he may insure. The statute ought not, however, to be extended beyond what it says — beyond its letter.
Blandin, Bice (& Ginn, for plaintiffs.
Wm. Howells, for defendants.
This seems to be the facts and the law of this case: This man had insurance policies standing in his name. Last July he was insolvent. He owed people. In a financial sense his first obligation was tu his creditors. A man must be just before he is generous.. He owed Mona P. Lytle and others. They should be paid before he can make presents to his wife and children. He had no more dominion over these policies which he owned and which belonged to< his estate and which were then a fund for the payment of creditors than he would have over money in bank or choses in action or a piece of real estate. Being insolvent, every attempt to transfer anything by way of gift, whether that thing be lands or moneys or insurance policies, was in fraud of creditors.
Demurrer overruled. Defendants except.